## WILLIAM BROWN v. JACOB VANMETER.

Agency—Duty to Account for Note Delivered for Collection.

Where an agent accepts a note delivered for collection, and sends it to another for attention, the onus is on him to show that the note was delivered to him to be thus forwarded for collection.

APPEAL FROM EDMONSON CIRCUIT COURT.

October 11, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The facts are not stated in the petition with the precision and perspicuity essential to good pleading; but they are sufficient to constitute a god cause of action against appellee. He, in his answer, admits the delivery of the note to him, but attempts to avoid a liability for it by alleging that he took it to send to one Bailey to collect, and that he sent it as requested; where Bailey resided or what better opportunity he had to collect the money than appellee had, he does not state; he denies that Bailey and himself were partners in the collecting business, but they were certainly partners in other transactions. Read proves he paid the money to Bailey while the partnership existed, and Vanmeter does not show that the firm did not get the benefit of the payment, nor that he informed Bailey what he should do with the money when he collected it. This he should have done, even if the *onus* was not on him to show that the note was delivered to him to send to Bailey.

He·should at least have shown that when he sent or delivered the note to Bailey he directed him to pay the money over to appellant, and that he as a member of the firm received no benefit from the money when collected, which he could have done by Bailey if it was true.

Wherefore, the judgment is reversed and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Loving & Clark, for appellant.*

*Halsell, for appellee.*